UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-21125-CIV-SEITZ/TURNOFF

ERMON "BUTCH" LEE BUTLER, JR.,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS AND DENYING MOTION TO STAY DISCOVERY

THIS MATTER is before the Court on Defendant Carnival's Motion to Dismiss Plaintiff's Third Amended Complaint [DE-35] and Defendant's Motion to Stay Discovery Pending Resolution of Carnival's Motion to Dismiss Plaintiff's Third Amended Complaint [DE-37]. Plaintiff, as personal representative of his late wife, Violet Butler, filed a single count claim against Defendant under the Death on the High Seas Act (DOHSA). The claim alleges eleven ways in which Defendant was negligent, ultimately resulting in Mrs. Butler's death. Defendant seeks to dismiss the Third Amended Complaint in its entirety, arguing that it had no duty to aid Mrs. Butler or provide her with medical care. Because some of Plaintiff's claims are premised on duties that Defendant does not have, the motion to dismiss is granted in part and denied in part. The motion to stay is denied as moot.

### I. Facts Alleged in the Complaint

Plaintiff alleges that he, his late wife, and their daughter were passengers aboard Defendant's ship *Carnival Conquest* on April 18, 2013. On that date, Plaintiff and his family disembarked from the ship. Upon re-embarkation, after passing through security, Violet Butler

suffered a cardiac event and collapsed on the ground unconscious. Defendant's crew members did nothing to assist Mrs. Butler and did not call for medical personnel for some time. After a significant amount of time passed, Defendant called for medical assistance. A nurse from the ship arrived but made no attempt to revive Mrs. Butler; instead, the nurse ordered that Mrs. Butler should be taken to the ship's medical center.

There was no doctor at the medical center. The nurse located and attempted to use a defibrillator. However, the defibrillator was not prepared for use or otherwise functional. After multiple attempts at resuscitation, Mrs. Butler was revived. Mrs. Butler was transported to a local hospital on Grand Cayman and then airlifted to Miami, Florida. In Miami, the Butler family learned that Mrs. Butler had suffered irreversible brain damage due to lack of oxygen. After sixteen days on life support, Mrs. Butler died.

Plaintiff brings his suit under DOHSA. Plaintiff alleges that Defendant failed to provide reasonable care under the circumstances by: (a) failing to render assistance to Mrs. Butler immediately following her collapse; (b) failing to alert medical personnel immediately following her collapse; (c) failing to attempt to resuscitate Mrs. Butler immediately following her collapse; (d) delaying in seeking medical personnel to attend to Mrs. Butler; (e) failing to properly instruct/train the crew in emergency protocol for medical emergencies aboard the ship; (f) failing to implement or adopt proper procedures for crew members for providing emergency response to sick or injured passengers; (g) failing to train its crew members in the location of the defibrillators; (h) failing to ensure that the defibrillators that Carnival advertised and voluntarily provided on board the ship were functional and available; (i) failing to assist Mrs. Butler in any manner whatsoever while her brain was starved for oxygen; (j) failing to provide proper means by which crew members can timely communicate with and alert medical personnel regarding

emergency situations; and (k) failing to render such aid and assistance as ordinarily prudent persons would render under such circumstances. Defendant moves to dismiss the complaint, arguing that it had no duty to do any of these things.

## II. Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of

these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## III. Discussion

Defendant seeks to dismiss the entire complaint because it had no duty to do any of the things listed in the complaint. The parties agree that under maritime law, Defendant does not have a duty to provide its passengers with medical care. While a carrier does not owe a duty to its passengers to maintain a doctor on board for the benefit of the passengers, it does owe sick and injured passengers a duty to exercise "reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances." *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1369 (5th Cir. 1988). The point of contention between the parties is really about how to characterize Plaintiff's claims. Defendant asserts that they are really claims about providing medical care and having procedures in place regarding the provision of medical care to passengers. Plaintiff maintains that the claims are not about the provision of medical care but about the duty of reasonable care owed by non-medical crew members to Mrs. Butler under the circumstances.

The duties of a ship owner relating to the provision of medical services were recently summarized by another court in this district:

> A carrier owes its sick and injured passengers a duty to exercise "reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances," but it owes no duty to maintain a doctor on board for the benefit and convenience of its passengers. *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1369, 1371 (5th Cir. 1988). Thus, a carrier owes no duty to train shipboard medical staff. *See Wajnstat v. Oceania Cruises, Inc.*, No. 09–21850, 2011 WL 465340, at *3 (S.D. Fla. Feb. 4, 2011). Nor does it owe a duty to provide medical transportation, *Gliniecki v. Carnival Corp.*, 632 F. Supp. 2d 1205, 1207–08 (S.D. Fla. 2009), or to provide medical equipment such as wheelchairs, *Walsh v. NCL (Bahamas) Ltd.*, 466 F. Supp. 2d 1271, 1273 (S.D. Fla. 2006). Furthermore, a carrier is not required to promulgate or enforce particular

4

medical directives regarding patient care, and it is thus not negligent if it fails to do so. *Hajtman v. NCL (Bahamas) Ltd.*, 526 F. Supp. 2d 1324, 1327 (S.D. Fla. 2007). *Mumford v. Carnival Corp.*, – F. Supp. 2d –, 2014 WL 1243786, *4 (S.D. Fla. 2014). Because, as set forth in more detail below, many of Plaintiff's claims are about the provision of medical care, those claims are dismissed.

*The Claim for Failure to Provide Medical Care Is Dismissed With Prejudice But Not the Claims for Failure to Provide Reasonable Care*

Defendant argues that the following six alleged acts of negligence, set out in paragraphs 26(a)-(d), (i), and (k), are all another way of saying that Defendant owed Mrs. Butler a duty to provide medical care: failing to render assistance to Mrs. Butler immediately following her collapse, paragraph 26(a); failing to alert medical personnel immediately following her collapse, paragraph 26(b); failing to attempt to resuscitate Mrs. Butler immediately following her collapse, paragraph 26(c); delaying in seeking medical personnel to attend to Mrs. Butler, paragraph 26(d); failing to assist Mrs. Butler in any manner whatsoever while her brain was starved for oxygen, paragraph 26(i); and failing to render such aid and assistance as ordinarily prudent persons would render under such circumstances, paragraph 26(k). Plaintiff responds that these allegations are not about providing medical services but about how the non-medical crew members failed to provide such aid and assistance as an ordinarily prudent person would under like circumstances.

Contrary to Plaintiff's assertion one of these alleged duties is about providing medical care. Specifically, attempting to resuscitate Mrs. Butler would clearly qualify as providing medical care, even if the resuscitation attempts were by non-medical crew members. Thus, paragraph 26(c) is dismissed with prejudice.

Five of the allegations that Defendant seeks to dismiss – failing to render assistance immediately, failing to alert medical personnel immediately, delaying in seeking medical personnel, failing to assist Mrs. Butler in any manner whatsoever,[1] and failing to render such aid assistance as ordinarily prudent persons would render under such circumstances – are really all the same allegation: that, under the circumstances, an ordinarily prudent person would attempt to aid Mrs. Butler by, among other things, seeking medical attention for her. Seeking medical attention is not the same as providing medical care and Defendant has provided no authority to indicate otherwise. Thus, the motion to dismiss as to the allegation in paragraph 26(c) is granted with prejudice and denied as to the allegations in paragraphs 26(a), (b), (d), (i), and (k) is denied.

*The Claim Regarding Medical Equipment is Dismissed*

Defendant also seeks to dismiss Plaintiff's claim that Defendant failed to ensure that the defibrillators were functional and available because Defendant has no duty to provide medical equipment, paragraph 26(h). Plaintiff concedes that Defendant did not have a general duty to provide medical equipment. However, Plaintiff argues that Defendant voluntarily undertook to provide defibrillators and, therefore, had a duty to provide functional ones that were readily available. Plaintiff asserts that this duty is no different than the duty a shipowner who provides a medical staff has to use reasonable care in selecting competent and qualified medical staff. However, reading Plaintiff's complaint, Plaintiff has pled that there was a defibrillator in the medical center, where one could reasonably expect such medical equipment to be located. *See* ¶17. Thus, any duty Defendant may have undertaken to provide defibrillators was met. It also

---

[1] While the complaint alleges Defendant failed to assist Mrs. Butler in any manner whatsoever, it adds "while her brain was starved for oxygen." The Court will strike this last portion of the allegation because the ability to assess whether Mrs. Butler's brain was deprived of oxygen requires a medical determination. Such a duty cannot be imposed on Defendant as a carrier that does not owe a duty to provide medical care.

appears that a defibrillator was used on Mrs. Butler. See ¶18. Thus, the defibrillator was functional. Consequently, if Defendant had a duty to provide functional, available defibrillators, Plaintiff's complaint indicates that the duty was met. Accordingly, the claim in paragraph 26(h) is dismissed with prejudice.

*The Claims Based on a Lack of Policies, Procedures, and Training Are Dismissed With Prejudice*

Defendant seeks to dismiss Plaintiff's claims based on Defendant's alleged failure to properly train the crew in emergency protocol for medical emergencies, alleged failure to implement proper procedures for crew members for providing an emergency response to sick or injured passengers, alleged failure to provide a proper means by which crew members can timely communicate with medical personnel, and alleged failure to provide proper means by which crew members can timely communicate with and alert medical personnel regarding emergency situations, paragraphs 26(e)-(g) and (j) of the complaint. Defendant argues that it cannot have a duty to train crew or enact procedures related to the provision of medical care if it does not have a duty to train medical personnel or have procedures for medical personnel related to the provision of medical care. Plaintiff asserts that its claims are not about medical staff, medical guidelines, or providing medical care, but about emergency procedures for the crew members. However, the allegations of the complaint say otherwise. The specific allegations at issue, paragraphs 26(e)-(g) and (j), are about "emergency protocol for *medical* emergencies," "procedures . . . for providing emergency response to *sick or injured* passengers," a means for communicating with "*medical* personnel," and training "crew members in the location of the defibrillators," a medical device. (emphases added). All of these allegations are about having medical guidelines and training for crew members, a duty Defendant does not have. *See*

7

*Hajtman v. NCL (Bahamas) Ltd.*, 526 F. Supp. 2d 1324, 1327 (S.D. Fla. 2007) (holding that there is no duty for a shipowner to promulgate medical standards and procedures and noting that it would not be prudent to require a non-medically trained company to make medical determinations regarding the physical health and processing of its passengers). It is not Defendant who fails to see the distinction made by Plaintiff but Plaintiff who fails to see that there is no distinction. Consequently, the four claims in paragraphs 26(e)-(g) and (j) are dismissed with prejudice.

*The Claim for Non-Pecuniary Damages Is Dismissed*

Defendant seeks to dismiss any claim Plaintiff has for the non-pecuniary damages sought by Mrs. Butler's survivors. In the Third Amended Complaint, Plaintiff concedes that DOHSA does not permit recovery of such damages. Consequently, the claim for non-pecuniary damages is dismissed with prejudice.

*The Motion to Dismiss the Claim for Punitive Damages is Granted*

Defendant moves to dismiss Plaintiff's claim for punitive damages. Defendant contends that the complaint does not contain specific allegations of willful, wanton, or outrageous conduct that would give rise to a claim for punitive damages. In the complaint, Plaintiff alleges that Defendant's employees witnessed Mrs. Butler's collapse and did nothing to help her until a significant amount of time had passed. The term "significant" is not a fact; it is a subjective adjective. Consequently, Plaintiff has not pled specific facts that support the claim for punitive damages. Therefore, the claim for punitive damages is dismissed. Plaintiff may replead but must allege the actions Defendant, as an ordinarily prudent person, could have taken yet did not, and that the failure to take those actions was willful, wanton, or outrageous.

Accordingly, it is

8

ORDERED that Defendant Carnival's Motion to Dismiss Plaintiff's Third Amended Complaint [DE-35] is GRANTED in part and DENIED in part:

1. Paragraphs 26(c), (e), (f), (g), (h), and (j) are DISMISSED with prejudice.

2. The motion is DENIED as to paragraphs 26(a), (b), (d), (i), and (k).

3. Plaintiff's claim for non-pecuniary damages is DISMISSED with prejudice.

4. The motion is GRANTED with leave to replead as to the claim for punitive damages.

5. Plaintiff shall file an amended complaint in accordance with this order by **November 7, 2014.**

6. Defendant's Motion to Stay Discovery Pending Resolution of Carnival's Motion to Dismiss Plaintiff's Third Amended Complaint [DE-37] is DENIED as moot.

DONE AND ORDERED in Miami, Florida, this 23rd day of October, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable William C. Turnoff
All Counsel of Record